# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREATER BOSTON AUTHENTICATION SOLUTIONS, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | PATENT CASE |
| WOLFRAM RESEARCH, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Greater Boston Authentication Solutions, LLC ("GBAS"), as and for its complaint against defendant, Wolfram Research, Inc. ("Wolfram"), alleges as follows:

## THE PARTIES

1. Greater Boston Authentication Solutions, LLC ("GBAS") is a Massachusetts corporation having a principal place of business at 48 Ellis Farm Lane, Melrose, MA 02176.

2. GBAS owns a number of patents in the field of authorizing the unlocking of electronic data using cryptographic authentication.

3. Upon information and belief, Wolfram is a corporation organized under the laws of Delaware, having a regular and established place of business at 255 Elm St. #201, Somerville, MA 02144.

4. Upon information and belief, Wolfram offers its software products with Wolfram Product Activation technologies, including those accused herein of infringement, to customers and/or potential customers located in the judicial district of Massachusetts. Wolfram may be

1

served with process through its registered agent in Massachusetts: Corporation Service Company, 84 State Street, Boston, MA 02109.

## JURISDICTION AND VENUE

5. GBAS brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Wolfram is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and has purposely transacted business involving the accused products in Massachusetts and this judicial district.

7. Wolfram is subject to this Court's jurisdiction pursuant to due process and/or the Massachusetts Long Arm Statute due at least to its substantial presence and business in this State and judicial district, including: (A) at least part of its infringing activities, (B) regularly doing and/or soliciting business in Somerville, Massachusetts and (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Massachusetts.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,346,583)

8. GBAS incorporates paragraphs 1-7 above by reference.

9. GBAS is the owner, by assignment, of U.S. Patent No. 7,346,583 ("the '583 Patent"), entitled REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA SYSTEM AND METHOD that issued on March 18, 2018. A true and correct copy of the '583 Patent is attached as Exhibit A hereto.

10. GBAS has all substantial rights in the '583 Patent, including the right to grant licenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following image shows the Wolfram Product Activation software:







12. Wolfram has directly infringed, and continues to directly infringe one or more claims of the '583 Patent in the United States during the pendency of the '583 Patent, including at least claims 1-3, 5-12, 14-21, 23-30 and 32-36 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Wolfram Product Activation software during the pendency of the '583 Patent which software *inter alia* allows for generating, with a digital signature algorithm, a verification key; combining software and the verification key to create distributable software; inputting identifying information, with the identifying information including user-identifying information, licensing information, batch number, user token date or time, or with the identifying information including a hash of user-identifying information, licensing information, batch number, user token, date or time, to a user-key generator; converting, with the user-key generator, the identifying information to a numeric representation; generating, using the numeric representation, a user key, with the digital signature algorithm; conveying the user key to the user computer system; and verifying, with the verification key, a relationship between the user key and the identifying information to determine an access level to the software.

13. In addition, should the Wolfram Product Activation software be found to not literally infringe the asserted claims of the '583 Patent, the product would nevertheless infringe the asserted claims of the '583 Patent. More specifically, the accused software performs substantially the same function (controlling the unauthorized use of software), in substantially the same way (via a verification key to verify the relationship between identifying information and a user key), to yield substantially the same result (determining an access level to the software). Wolfram would thus be liable for direct infringement under the doctrine of equivalents.

14. Wolfram may have infringed the '583 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Wolfram Product Activation software. GBAS reserves the right to discover and pursue all such additional infringing software.

15. GBAS has been damaged, reparably and irreparably, by Wolfram's infringement of the '583 Patent and such damage will continue unless and until Wolfram is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,567,793)

16. GBAS incorporates paragraphs 1-15 above by reference.

17. GBAS is the owner, by assignment, of U.S. Patent No. 6,567,793 ("the '793 Patent"), entitled REMOTE AUTHORIZATION FOR UNLOCKING ELECTRONIC DATA SYSTEM AND METHOD that issued on May 20, 2013. A true and correct copy of the '793 Patent is attached as Exhibit B hereto.

18. GBAS has all substantial rights in the '793 Patent, including the right to grant licenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

19. Wolfram has directly infringed, and continues to directly infringe one or more claims of the '793 Patent in the United States during the pendency of the '793 Patent, including at least claims 1-3, 5-11, 15-21, 23-30 and 32-34 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Wolfram Product Activation software during the pendency of the '793 Patent which software *inter alia* allows for generating, with a digital signature algorithm, a verification key with a product key generator; combining software and the verification key to create distributable software; distributing the distributable software to a user within a group of users; inputting group identifying information to

a user-key generator; converting, by the user-key generator, the group-identifying information to a numeric representation; generating, using the numeric representation, a user key with the digital signature algorithm; conveying the user key to the user computer system; and verifying, with the verification key, a relationship between the user key and the group-identifying information to determine an access level to the protected software.

20. In addition, should the Wolfram Product Activation software be found to not literally infringe the asserted claims of the '793 Patent, the product would nevertheless infringe the asserted claims of the '793 Patent. More specifically, the accused software performs substantially the same function (controlling the unauthorized use of software distributed to a group of users), in substantially the same way (via a verification key to verify the relationship between group-identifying information and a user key), to yield substantially the same result (determining an access level to the protected software).

21. Wolfram may have infringed the '793 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Wolfram Product Activation software. Wolfram reserves the right to discover and pursue all such additional infringing software.

22. GBAS has been damaged, reparably and irreparably, by Wolfram's infringement of the '793 Patent and such damage will continue unless and until Wolfram is enjoined.

### COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 5,982,892)

23. GBAS incorporates paragraphs 1-22 above by reference.

24. GBAS is the owner, by assignment, of U.S. Patent No. 5,982,892 ("the '892 Patent"), entitled SYSTEM AND METHOD FOR REMOTE AUTHORIZATION FOR

UNLOCKING ELECTRONIC DATA that issued on November 9, 1999. A true and correct copy of the '892 Patent is attached as Exhibit C hereto.

25. GBAS has all substantial rights in the '892 Patent, including the right to grant licenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

26. Wolfram has directly infringed, and continues to directly infringe one or more claims of the '892 Patent in the United States during the pendency of the '892, including at least claims 1-3 and 6-7, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Wolfram Product Activation software during the pendency of the '892 Patent, which software *inter alia* allows for generating, with a digital signature algorithm, a verification key with a product key generator; combining software and the verification key to create distributable software; distributing the distributable software to a user; installing the distributable software on a user computer system as protected software; inputting user-identifying information to a user-key generator; converting, by the user key generator, the user-identifying information to a numeric representation; generating, using the numeric representation, a user key with the digital signature algorithm; conveying the user key to the user computer system; and verifying, with the verification key, a relationship between the user key and the user identifying information to determine an access level to the software..

27. In addition, should the Wolfram Product Activation software be found to not literally infringe the asserted claims of the '892 Patent, the product would nevertheless infringe the asserted claims of the '892 Patent. More specifically, the accused software performs substantially the same function (controlling the unauthorized use of software), in substantially the same way (via a verification key to verify the relationship between identifying information and a

user key), to yield substantially the same result (determining an access level to the software). Wolfram would thus be liable for direct infringement under the doctrine of equivalents.

28. Wolfram may have infringed the '892 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Wolfram Product Activation software. GBAS reserves the right to discover and pursue all such additional infringing software.

29. GBAS has been damaged, reparably and irreparably, by Wolfram's infringement of the '892 Patent and such damage will continue unless and until Wolfram is enjoined.

## PRAYER FOR RELIEF

GBAS requests that the Court enter judgment against Wolfram as follows:

(A) Wolfram has infringed the '583 Patent, the '793 Patent, and the '892 Patent;

(B) awarding GBAS its damages suffered as a result of Wolfram's infringement of the '583 Patent, the '793 Patent, and the '892 Patent;

(C) enjoining Wolfram, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '583 Patent, the '793 Patent, and the '892 Patent;

(D) awarding GBAS its costs, attorneys' fees, expenses and interest, and

(E) granting GBAS such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

GBAS hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: June 15, 2017                     Respectfully submitted,

                                        /s/ *Paul J. Hayes*
                                        Paul J. Hayes
                                        James J. Foster
                                        **PRINCE LOBEL TYE LLP**
                                        One International Place, Suite 3700
                                        Boston, MA 02110
                                        Tel: (617) 456-8000
                                        Email: phayes@princelobel.com
                                        Email: jfoster@princelobel.com

                                        **ATTORNEYS FOR THE PLAINTIFF**